**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DONNA L. REILLY,

    Plaintiff,

vs.                                            Case No. 3:04-cv-1320-J-32MCR

DUVAL COUNTY PUBLIC SCHOOLS,

    Defendant.

**ORDER**[1]

Upon consideration, it is hereby

**ORDERED:**

1.    Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. 123), to which plaintiff filed a response in opposition (Doc. 131), is **DENIED**.

2.    Plaintiff's Motion to Alter or Amend the Judgment (Doc. 124), to which defendant filed a response (Doc. 127) and to which plaintiff filed a reply (Doc. 133), is also before the Court. The question presented by the plaintiff is whether the Court should amend its judgment "in order to award the total amount of plaintiff's compensation for lost wages and benefits ($133,197.18) and pre-judgment interest ($15,443.52) under the Age Discrimination in Employment Act (ADEA) <u>only</u>, and to award her damages for mental anguish ($75,000.00) under the Florida Civil Rights Act (FCRA) <u>only</u>, in order to make clear that plaintiff shall recover the full amount awarded by the jury, without any argument from the defendant that

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

any portion of plaintiff's recovery is, or should be, restricted by the cap on damages applicable to this defendant under the Florida Civil Rights Act." (Doc. 124 at p. 2).

The jury returned a general verdict for net loss of wages and benefits of $133,197.18. This damage award was returned pursuant both to the ADEA and the FCRA. The jury also awarded $75,000.00 in mental anguish damages, recovery for which is only authorized by the FCRA. Thus the jury's total damages award under the ADEA (before pre-judgment interest) is $133,197.18 and the jury's total damages award under the FCRA is the same $133,197.18 in back wages and benefits and the additional $75,000.00 in mental anguish damages for a total damages award of $208,197.18.

Plaintiff's suggestion that the Court exercise discretion to allocate the back wage award solely to the ADEA claim and the $75,000.00 mental anguish award solely to the FCRA claim to avoid the effect of the Florida $100,000.00 statutory cap seems to be precluded by the Eleventh Circuit's recent decision in Bradshaw v. School Board of Broward County, 486 F.3d 1205 (11th Cir. 2007). In Bradshaw, the Eleventh Circuit interprets the Florida sovereign immunity statute, §768.28(5), as limiting "the entire judgment that an individual plaintiff can recover in a single case, regardless of the number of causes of action upon which the judgment is predicated." 486 F.3d at 1209 (citations omitted). Thus, even if the Court were to adopt the plaintiff's position and allocate the $133,197.18 back wage and benefit award to the ADEA and the $75,000.00 mental anguish award to the FCRA, the result would be no different because the Florida cap limits an individual's recovery against "the state and its agencies and subdivisions" (which includes the Duval County Public Schools) to $100,000.00 in a single case - - the "allocation" of the award between different

types of damages does not change the result. Id.; Fla. Stat. § 768.28(5).

The only applicable exception is where federal law, such as the ADEA, authorizes an award greater than $100,000.00; in that circumstance, under the Supremacy Clause, "Florida can do nothing to limit the size and execution of a federal award." Bradshaw, 486 F.3d at 1209; U.S. Const. art. VI, cl. 2. Applied here, the jury's "federal award" under the ADEA of $133,197.18 is enforceable by this Court's judgment. However, the jury's award of $208,197.18 under the FCRA (which includes the same $133,197.18 in back wages but adds the jury's $75,000.00 mental anguish award) is only enforceable by execution up to the $100,000.00 Florida cap[2]. See Bradshaw, 486 F.3d at 1209 ("[t]he result, in cases under both Title VII and the Florida CRA is a state discrimination remedy sensitive to the size of a parallel federal remedy, which proportionally shrinks as the federal remedy grows").

Thus, plaintiff's Motion to Alter or Amend the Judgment (Doc. 124) is decided as stated. An Amended Judgment consistent with this Order will issue.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of July, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies:
counsel of record

---

[2] The Court will nevertheless enter a judgment under the FCRA for the entire amount. However, any award under the FCRA above $100,000.00 would have to come from the Florida legislature via a claims bill. See Bradshaw, 486 F.3d at 1211-12.

3