**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DONNA L. REILLY,

    Plaintiff,

vs.                                                  Case No. 3:04-cv-1320-J-32MCR

DUVAL COUNTY PUBLIC SCHOOLS,

    Defendant.

## **ORDER**[1]

This case is before the Court on Plaintiff's Motion for Attorneys' Fees, Costs and Expenses as Prevailing Parties (Doc. 122), defendant's response thereto (Doc. 132), plaintiff's reply (Doc. 136), defendant's sur-reply (Doc. 141), Plaintiff's Motion for Supplemental Attorneys' Fees, Costs and Expenses through June 22, 2007 (Doc. 140) and defendant's response to plaintiff's supplemental motion (Doc. 142).

After a five day jury trial, the jury returned a verdict totaling just over $208,000.00 in favor of plaintiff Donna L. Reilly and against Duval County Public Schools in this case brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA). The motion for attorneys' fees is brought under the ADEA, 29 U.S.C. § 626(b), which incorporates § 216(b) of the Fair Labor Standards Act, which in turn provides that "the Court... shall, in addition to any judgment awarded to the plaintiff..., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Plaintiff seeks a total

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

attorney's fee of $346,978.50 and costs of $13,307.58.

A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (citation omitted)[2]. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. Id. at 1299. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Id. at 1303.

### A.     **Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299). In addition, the Court takes into account the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to the extent they are relevant to the reasonableness of the rate. See Loranger v. Stierheim, 10 F.3d 776, 781, n. 6 (11th Cir. 1994).

In arriving at a proper hourly rate, this Court is aided by the fact that it engaged in the same analysis concerning the same plaintiff's counsel less than a year ago. In Williams v.

---

[2]Though Blum was decided under 42 U.S.C. § 1988, the analysis of what is a "reasonable fee" applies uniformly to all similarly worded federal fee shifting statutes. City of Burlington v. Dague, 505 U.S. 557, 562 (1992) (citations omitted).

Consolidated City of Jacksonville, Case No. 3:00-cv-469-J-32TEM, doc. 342, the Court, after extensive analysis, determined that the proper hourly rate in a Title VII case for lead counsel, Scott Fortune, was $260.00 per hour and that the rate for Mr. Fortune's law clerk, Mr. Ardian Gjoka, was $100.00 per hour.  In this action, Mr. Fortune seeks an hourly rate of $295.00 and seeks $125.00 per hour for Mr. Gjoka's time.  The Court has been presented affidavit testimony by plaintiff's counsel that the $295.00 rate is reasonable; defendant's expert says that the $260.00 an hour rate awarded by ths Court in Williams continues to be reasonable. Other evidence included a range of $280.00 to $325.00 per hour for experienced employment counsel in another division of this court.  Moreover, the Court may use its discretion and expertise to determine the appropriate hourly rate.  See Scelta v. Delicatessen Support Services, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The Court first notes that the $260.00 rate applied by the Court in Williams was for Mr. Fortune's work in a lawsuit that began in 1999.  Here, by contrast, this lawsuit began in late 2004 and includes work from 2004 through the present.  Upon review of the case law and affidavits in support of and in opposition to the motion for attorney's fees, and in consideration of the Johnson factors, the Court concludes that $280.00 is a reasonable hourly rate in the relevant legal community for successful lead counsel in this ADEA case. The Court continues to believe that $100.00 per hour is a reasonable hourly rate for Mr. Gjoka's time.

### B. Reasonable Hours Expended

In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the Court.  EEOC v.

Enterprise Leasing Co., Inc., 2003 WL 21659097, *3 (M.D. Fla. 2003) (unpublished opinion) (citing Norman, 836 F.2d at 1301).  The Court should exclude excessive, unnecessary and redundant hours, and also time spent litigating "discrete and unsuccessful claims." Duckworth, 97 F.3d at 1397 (quoting Norman, 836 F.2d at 1301-02).  Here, where plaintiffs are seeking over 1600 hours of time, documented by voluminous submissions, the Court does not engage in an hour by hour analysis.  St. Fleur v. City of Ft. Lauderdale, 149 Fed. Appx. 849, 854 (11th Cir. 2005) (citing Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001)).  Rather, under Eleventh Circuit precedent, the Court, when faced with a voluminous fee application, may reduce the total fee awarded by a percentage rather than engage in a more detailed task by task analysis of the fees it is disallowing.  St. Fleur, 149 Fed. Appx. at 853-54; Loranger, 10 F.3d at 783.  This is especially appropriate in cases such as this where attorneys have engaged in block billing which makes it much more difficult to segregate out excessive time.  See Norman, 836 F.2d at 1303.

Combining the time sought in Plaintiff's Motion for Attorneys' Fees (Doc. 122) with Plaintiff's Motion for Supplemental Attorney's Fees (Doc . 140), if the Court were to award plaintiff's counsel all of the hours requested, it would result in Mr. Fortune being credited with 814.7 hours at $280.00 an hour, or $228,116.00.  Mr. Gjoka's total time would be 816.9 hours at his hourly rate of $100.00, or $81,690.00.  There would be an additional $4,780.00 of paralegal time for a total fee of $314,586.00.  Defendant asks for specific reduction in certain hours spent and alternatively recommends a 30% percent reduction of the fees sought by Mr. Fortune and a 50% overall reduction of the fees sought by Mr. Gjoka.

Mr. Fortune is a very good, experienced trial lawyer and tried a winning case for his

client. It is also true that the defendant opposed plaintiff every step of the way and made Mr. Fortune earn his victory. Plaintiff's counsel is therefore entitled to be awarded an appropriate and reasonable fee.

At the same time, however, the Court agrees with some of the criticisms levied by defendant concerning the number of hours expended by plaintiff's counsel. First, plaintiff did not prevail totally. Plaintiff voluntarily dismissed her ERISA count, but only after defendant filed its motion for summary judgment against that count. Moreover, the Court granted summary judgment on plaintiff's retaliation claim and the jury, though finding for plaintiff under the ADEA, declined to find the defendant's conduct willful. Second, this was a relatively straightforward age discrimination case. While the Court does not minimize the effort required of a plaintiff to successfully prosecute an employment discrimination claim, this case (unlike, for example, Williams, which was much more prolonged and complex and where plaintiff's counsel represented four different plaintiffs) was much less involved. Third, the Court views Mr. Gjoka's efforts, while workmanlike, as evidencing his inexperience and resulting inefficiency. Much of his work seems also to be unfocused. Finally, the Court does agree with defendants that excessive time was spent on various matters including responding to the motion for summary judgment and post-trial matters.

What percentage reduction to apply is always a difficult judgment call. After careful consideration, the Court determines to apply a 20% reduction to Mr. Fortune's hours and to find that a reasonable number of hours for Mr. Fortune in this case is 652 hours (814.7 minus 162.94). The Court will apply a 50% reduction to Mr. Gjoka's time and determines that a reasonable amount of hours for Mr. Gjoka is 408. The Court will entirely disallow the

67.7 hours of paralegal time as either duplicative or covering administrative matters which are not compensable.

Multiplying Mr. Fortune's awarded 652 hours by the established hourly rate of $280.00 produces a fee of $182,560.00.  Mr. Gjoka's hourly rate of $100.00 an hour times his number of awarded hours of 408 produces additional fee of $40,800.00 for a total reasonable fee of $223,360.00.

**C.     Costs**

Plaintiff also seeks $13,307.58 in taxable costs.  Although the case law is not entirely clear as to the scope of costs available under the ADEA, the Court finds plaintiff is entitled to the claimed costs except those for Dr. Perry's expert fees ($2,700.00) (plaintiff, however, is entitled to Dr. Perry's $40 witness fee), see Glenn v. General Motors Corp., 841 F.2d 1567, 1574-75 (11th Cir. 1988), mediation fees ($1,414.00), see 28 U.S.C. § 1920; Mota v. University of Texas Houston Health Science Center, 261 F.3d 512, 530 (5th Cir. 2001) (disallowing mediation fees under Title VII's attorney fees and costs provision), and meals ($206.43).  This reduction of $4,280.43 puts plaintiff's recoverable costs at $9,027.15.[3]  Accordingly, it is hereby **ORDERED**:

1.     Plaintiff's Motion for Attorneys' Fees and Costs and Expenses as Prevailing Parties (Docs. 122) and Supplemental Motion for Attorneys' Fees (Doc. 140) are **GRANTED**

---

[3]     Defendant does not dispute $1,489.27 for computer research as a recoverable cost. Further, while the Court notes it is a close call whether video deposition costs are recoverable under the ADEA, the Court awarded the portion of the overall deposition costs attributable to the videotaping of Kathy Kassees' deposition in this case as Kassees was defendant's chief witness at trial and, although not used, the video deposition could have ultimately proven useful for impeachment purposes.

**IN PART**.  Plaintiff's recoverable attorneys' fees of $223,360.00 and costs of $9,027.15 amounts to a total award of $232,387.15.  The Court will forthwith enter an appropriate judgment.

2. Plaintiff's request for an in camera inspection of the General Counsel's Office's time entries in this case and an evidentiary hearing concerning plaintiff's attorneys' fees motion (Doc. 136) is **DENIED**.

3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of July, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies:
counsel of record